IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| LOLEITHA (TINA) WILSON, | ) |
| Plaintiff, | ) Civil Action No. 3:16-cv-____ |
| vs. | ) |
| GUARDIAN PHARMACY OF PIEDMONT CAROLINAS, LLC D/B/A WINYAH PHARMACY; GUARDIAN PHARMACY, LLC, | ) **NOTICE OF REMOVAL** |
| Defendants. | ) |

TO: UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF NORTH CAROLINA:

PLEASE TAKE NOTICE that Defendant Guardian Pharmacy of Piedmont Carolinas, LLC ("Guardian Piedmont"), by and through the undersigned counsel, hereby removes this action from the Mecklenburg County Superior Court to the United States District Court for the Western District of North Carolina, Charlotte Division.

## I. NATURE OF ACTION

On May 27, 2016, Plaintiff Loleitha Wilson ("Plaintiff") filed her Complaint in the Superior Court, Mecklenburg County, North Carolina, Civil Action No. 16-CVS-9812, against Guardian Piedmont and its parent company, Guardian Pharmacy, LLC ("Guardian"), alleging multiple causes of action arising out of her employment with Guardian. *See generally* Plaintiff's Complaint.

## II. NOTICE OF REMOVAL IS TIMELY

Guardian Piedmont was served with a copy of the Summons and Complaint on May 31, 2016. Guardian has not been properly joined and served to date. Thus, Guardian's consent to removal is not required. 28 U.S.C. § 1446(b)(2)(A).

Pursuant to 28 U.S.C. § 1446, this Notice of Removal is timely as it was filed within thirty (30) days of service of process on Defendant Guardian Piedmont. "The notice of removal of a civil action or proceeding shall be filed within thirty (30) days after the receipt by the defendants, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b).

## III. FEDERAL JURISDICTION EXISTS

As stated in 28 U.S.C. § 1441(a), cases that are subject to removal include "any civil action brought in a state court of which the District Courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1331, the District Court has original jurisdiction over this civil action as it arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Specifically, Plaintiff's Complaint purports to be brought in part pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* ("Rehab Act"). Accordingly, this Court has federal question jurisdiction over such federal claims.

Plaintiff's Complaint also alleges multiple state law claims, and the District Court has jurisdiction over said claims pursuant to 28 U.S.C. § 1367, as they are related to the federal law claim, and all claims derive from a common nucleus of operative fact. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138 (1966). Section 1367 provides that "in any civil

action of which the District Courts have original jurisdiction, the District Court shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367.  Such state law claims are also removable pursuant to 28 U.S.C. § 1441(c).

### IV.  REMOVAL TO THIS DISTRICT IS PROPER

Venue is proper in the United States District Court for the Western District of North Carolina, Charlotte Division, because the Mecklenburg County Superior Court sits within this federal district, and this is the judicial district in which a substantial part of the alleged events or omissions giving rise to the claims occurred.  28 U.S.C. § 1391(b)(2).

### V.  CONSENT AND REMOVAL REQUIREMENTS

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served to date upon the Defendant Guardian Piedmont in this matter are attached hereto as **Exhibit A**.

This Notice of Removal will promptly be served on Plaintiff, and notice of its filing will be promptly filed with the Clerk of Court for the Superior Court, Mecklenburg County, pursuant to 28 U.S.C. § 1446(d).  The Notice of Filing the Notice of Removal is attached hereto as **Exhibit B**.

### VI.  RESERVATION OF RIGHTS

Guardian Piedmont hereby reserves any and all rights to assert any defenses to Plaintiff's Complaint and to amend or supplement this Notice of Removal.

WHEREFORE, Guardian Piedmont, through the undersigned counsel, hereby gives notice that the above-titled matter has been timely removed to this Court.

MCANGUS GOUDELOCK & COURIE, L.L.C.

_s/Amy Y. Jenkins_
Amy Y. Jenkins, NC Bar No. 20007
Post Office Box 650007
735 Johnnie Dodds Boulevard, Suite 200
Mt. Pleasant, South Carolina 29465
(843) 576-2900

ATTORNEYS FOR DEFENDANT GUARDIAN
PHARMACY OF PIEDMONT CAROLINAS, INC.

June 29, 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| LOLEITHA (TINA) WILSON, | ) |
| | ) Civil Action No. 3:16-cv-____ |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **NOTICE OF REMOVAL** |
| GUARDIAN PHARMACY OF PIEDMONT CAROLINAS, LLC D/B/A WINYAH PHARMACY; GUARDIAN PHARMACY, LLC, | ) ) ) ) ) |
| Defendants. | ) |

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2016, I electronically filed the ***Notice of Removal*** with the Clerk of Court using the CM/ECF system, and will also serve the *pro se* Plaintiff with a copy of same via U.S. Mail, postage prepaid, at the following address:

> Loleitha Wilson
> 4815 Shea Court
> Monroe, North Carolina 28110

        MCANGUS GOUDELOCK & COURIE, L.L.C.

        *s/Amy Y. Jenkins*
        Amy Y. Jenkins, NC Bar No. 20007
        Post Office Box 650007
        735 Johnnie Dodds Boulevard, Suite 200
        Mt. Pleasant, South Carolina 29465
        (843) 576-2900

        ATTORNEYS FOR DEFENDANT GUARDIAN
        PHARMACY OF PIEDMONT CAROLINAS, INC.

5